UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

|  |  |
|---|---|
| THE UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| | ) Court No. 23-00230 |
| v. | ) ) |
| CHERISH YOUR HEALTH FOOD INC., | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1. This is an action to collect unpaid customs duties pursuant to 19 U.S.C. § 1592(d) and accrued interest pursuant to 19 U.S.C. § 1677g, plus additional pre- and post-judgment interest thereon, with respect to three customs entries of fresh garlic, specifically entry numbers U79-1716872-7, U79-1718155-5, and U79-1718388-2 (the Group A entries).

2. This is also an action to collect unpaid customs duties plus additional pre- and post-judgment interest thereon, including but not limited to interest pursuant to 19 U.S.C. § 1505, with respect to two customs entries of fresh garlic, specifically entry numbers U79-1724062-5 and U79-1725105-1 (the Group B entries).

3. This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

4. Plaintiff, the United States, through U.S. Customs and Border Protection (CBP), is charged with fixing the final amount of duty to be paid on imported merchandise and determining any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited, among other responsibilities. 19 U.S.C. § 1500. In addition, the United States, through CBP, is responsible for collecting any increased or additional duties due, together with any interest accrued thereon, as determined upon liquidation of entries of imported merchandise. *Id.* § 1505.

5. If the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of 19 U.S.C. § 1592(a), CBP shall require that such lawful duties, taxes, or fees be restored regardless of whether a penalty is assessed. *Id.* § 1592(d).

6. At all times relevant to the matters described in this complaint, defendant, Cherish Your Health Food Inc., (Cherish), upon information and belief, was incorporated in the State of New York, with business addresses of 71 Timothy Lane, East Norwich, NY 11732 and 96 Bond Street, Westbury, NY 11590.

7. Cherish served as the importer of record for the five entries covered by this action (the subject entries).

8. Cherish filed the subject entries between November 1, 2018, and April 17, 2020, at the New York/Newark, New Jersey port of entry.

9. The imported merchandise covered by the subject entries (the imported merchandise) consisted of fresh garlic, either as whole bulbs or whole peeled cloves.

10. The imported merchandise originated in the People's Republic of China (China).

**Antidumping Duties On Fresh Garlic From China**

11. During the time period that the imported merchandise entered the United States, fresh garlic from China was subject to an antidumping duty order. *See Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't of Commerce Nov. 16, 1994) (Antidumping Duty Order).

12. The Antidumping Duty Order, identified by antidumping case number A-570-831, covers all grades of fresh garlic, whether as whole bulbs or separated into cloves. *Id.* at 59,209.

13. On June 15, 2018, the Department of Commerce (Commerce), pursuant to the Antidumping Duty Order, set the antidumping duty cash deposit rate for shipments of fresh garlic from China entered on or after June 15, 2018, at $4.71 per kilogram for exporters not specifically entitled to a separate rate. *Fresh Garlic From the People's Republic of China: Final Results and Partial Rescission of the 22nd Antidumping Duty Administrative Review and Final Result and Rescission, in Part, of the New Shipper Reviews; 2015-2016*, 83 Fed. Reg. 27,949, 27,952 (Dep't of Commerce June 15, 2018).

**Cherish's Group A Entries Of Fresh Garlic From China**

14. On November 1, 2018, under entry number U79-1716872-7, Cherish imported 10,986.8 kilograms of fresh whole garlic bulbs from China.

15. On January 23, 2019, under entry number U79-1718155-5, Cherish imported 25,368 kilograms of fresh whole garlic bulbs from China.

16. On February 12, 2019, under entry number U79-1718388-2, Cherish imported 25,368 kilograms of fresh whole garlic bulbs from China.

17. The merchandise in the three Group A entries (numbers U79-1716872-7, U79-1718155-5, and U79-1718388-2) was entered or introduced into the commerce of the United States by means of false statements, acts, or omissions that resulted in the evasion of antidumping duties owed on fresh garlic from China.

18. Specifically, when Cherish filed the three Group A entries, Cherish characterized the Group A entries as Type 01 entries, that is, entries not subject to antidumping duties.

19. Cherish also omitted the antidumping case number A-570-831 from the entry records filed with CBP for the Group A entries.[1]

20. Cherish also omitted the antidumping duty rate of $4.71 per kilogram from the entry records filed with CBP for the Group A entries.

21. Cherish did not make the requisite cash deposits for the antidumping duties at the rate of $4.71 per kilogram at the time of entry for the Group A entries.

22. Cherish's false statements, acts, or omissions regarding the Group A entries were material because they had the potential to, and did, affect determinations made by CBP concerning Cherish's liability for antidumping duties.

23. Cherish material false statements, acts, or omissions resulted from Cherish's failure to exercise reasonable care and competence when importing fresh garlic from China. Commerce's antidumping case on garlic from China was initiated in 1994, long before the subject entries, and information about the antidumping case was publicly available. Despite having access to this information, there is no evidence that Cherish made any attempt to verify

---

[1] Entries of merchandise subject to an antidumping order that are filed with CBP must include the unique identifying number assigned by Commerce. 19 C.F.R. § 141.61.

4

whether fresh garlic from China was subject to an antidumping case, and Cherish is fully responsible for the actions of its customs broker.

24. On October 2, 2020, CBP advised Cherish that CBP had reason to believe that Cherish had failed to reflect the antidumping case on its imports of merchandise, specifically fresh garlic from China.

25. CBP's loss of revenue from the Group A entries was $304,884.08, representing $290,714.39 in unpaid duties for 61,722.8 kilograms of fresh garlic and $14,169.69 in interest pursuant to 19 U.S.C. § 1677g.

26. On January 13, 2022, CBP issued Cherish a demand for payment of the unpaid duties for the Group A entries, plus interest, pursuant to 19 U.S.C. § 1592(d).

27. CBP sent additional demands after Cherish failed to pay within the time provided. CBP sent a final demand to Cherish on December 1, 2022, for payment in the amount of $304,884.08.

28. Although Cherish has not paid any amount toward the demand for duties associated with the Group A entries, Cherish's surety later paid a portion of the duty demand.[2]

29. Accordingly, with respect to the Group A entries, the United States stands deprived of lawful duties in the amount of approximately $254,884.08, plus pre- and post-judgment interest thereon.

### Cherish's Group B Entries Of Fresh Garlic From China

30. On January 17, 2020, under entry number U79-1724062-5, Cherish imported 25,368 kilograms of fresh whole peeled garlic cloves from China.

---

[2] After CBP issued a demand for payment to Pennsylvania National Mutual Casualty Insurance Co. (Penn Mutual), the issuer of Cherish's surety bond, Penn Mutual paid $50,000 to satisfy its obligation under the surety bond for the Group A entries.

31. On April 17, 2020, under entry number U79-1725105-1, Cherish imported 12,487 kilograms of fresh whole garlic bulbs and 13,100 kilograms of fresh peeled garlic cloves from China.

32. When initially filed by Cherish, the Group B entries (numbers U79-1724062-5 and U79-1725105-1) were characterized by Cherish as Type 01 entries (not subject to antidumping duties) and did not reference the antidumping case number A-570-831 or the applicable antidumping duty rate of $4.71 per kilogram.

33. CBP rejected the Group B entries and instructed Cherish, through its customs broker, to refile the Group B entries as Type 03 (subject to antidumping duties) and to include the requisite antidumping case number and antidumping duty rate.

34. Cherish refiled the Group B entries as Type 03 entries and included the antidumping duty case number A-570-831 and the antidumping duty rate of $4.71 per kilogram.

35. Cherish did not make the requisite cash deposits for the antidumping duties at the rate of $4.71 per kilogram at the time of entry of the Group B entries.

36. On January 4, 2022, pursuant to Message No. 2004423, Commerce issued liquidation instructions to CBP that applied to the merchandise in the Group B entries. The instructions stated that the entries should be liquidated at the deposit rate required at the time of entry, that is, $4.71 per kilogram of fresh garlic.

37. CBP timely liquidated the two Group B entries on February 18, 2022, in accordance with Commerce's instructions.

38. On February 18, 2022, CBP issued two duty bills to Cherish for the Group B entries: duty bill number 60029856 for entry number U79-1724062-5 in the principal amount of $119,483.28 (Exhibit A) and duty bill number 60029846 for entry number U79-1725015-1 in the

principal amount of $120,514.77 (Exhibit B).  The total principal amount of the duty bills CBP initially issued to Cherish with respect to the two Group B entries was $239,998.05.

39. As delinquency interest has accrued on the duty bills pursuant to 19 U.S.C. § 1505(d), CBP has continued to mail duty bills to Cherish approximately every 30 days.

40. Although Cherish has not paid any amount toward the duty bills associated with the two Group B entries, Cherish's surety has paid a portion of the duties owed on the Group B entries.[3]

41. No protest was filed regarding the liquidation of the Group B entries.

42. With respect to the Group B entries, the United States stands deprived of lawful duties and fees in the principal amount of $201,303.07, plus pre- and post-judgment interest thereon, including but not limited to interest pursuant to 19 U.S.C. § 1505.

## COUNT I (GROUP A ENTRIES)

43. The allegations contained in paragraphs 1 through 42 are realleged and incorporated by reference.

44. It is unlawful for any person to enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of a material false statement or act, or a material omission.  19 U.S.C. § 1592(a)(1).  The material false statements, acts, and omissions described in paragraphs 17 through 23 above were the result of Cherish's negligence in violation of 19 U.S.C. § 1592(a)(1) because Cherish failed to exercise reasonable care and

---

[3] After CBP issued a demand for payment to Penn Mutual, Penn Mutual paid $50,000 on or about September 19, 2023 to CBP to satisfy the surety's obligation under the surety bond for the Group B entries.  CBP applied Penn Mutual's $50,000 payment to duty bill number 60029846 for entry number U79-1725015-1, first applying $11,305.02 to the interest that had accrued on the duty bill and then the remaining $38,694.98 to the principal balance.  After Penn Mutual's payment, the remaining outstanding principal balance on duty bill number 60029846 for entry number U79-1725015-1 became $81,819.79.

competence to ensure that statements made and information provided in connection with the Group A entries were complete and accurate.

45. As a result of Cherish's negligent violations of 19 U.S.C. § 1592(a), pursuant to 19 U.S.C. § 1592(d), the United States is entitled to recover lawful duties of which it has been deprived in the amount of approximately $254,884.08, which includes interest in the amount of $14,169.69 pursuant to 19 U.S.C. § 1677g.

46. Cherish is also liable for pre- and post-judgment interest on the outstanding duties owed on the Group A entries.

## COUNT II (GROUP B ENTRIES)

47. The allegations contained in paragraphs 1 through 46 are realleged and incorporated by reference.

48. CBP's liquidations of entries are final and conclusive as a matter of law if no protest is filed. 19 U.S.C. § 1514.

49. CBP liquidated the Group B entries on February 18, 2022, and no protest was filed regarding the Group B entries or CBP's liquidations of the Group B entries.

50. As importer of record, Cherish is liable for the unpaid antidumping duties on the two Group B entries, as reflected by outstanding duty bill numbers 60029856 and 60029846. *See* 19 U.S.C. §§ 1500-1505, 19 U.S.C. § 1514, 19 U.S.C. § 1673; 19 C.F.R. § 141.1(b)(1).

51. Accordingly, with respect to the Group B entries, the United States stands deprived of lawful duties in the principal amount of $201,303.07.

52. Cherish is also liable for pre- and post-judgment interest on the outstanding principal balances of the Group B unpaid duty bills, including but not limited to interest pursuant to 19 U.S.C. § 1505.

**PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court enter judgment for the United States against defendant Cherish, for (1) $254,884.08 for duties owed for the Group A entries, plus pre- and post-judgment interest thereon as provided by law; (2) $201,303.07 for the unpaid duty bills for the Group B entries, plus pre- and post-judgment interest thereon as provided by law, including but not limited to interest pursuant to 19 U.S.C. § 1505; and (3) such other and further relief as this Court deems just and appropriate.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
| Of Counsel: | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| SAMUEL T. BRANDT<br>Senior Attorney<br>Office of the Associate Chief Counsel | |
|  | /s/ Daniel Bertoni<br>DANIEL BERTONI<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Tele: (202) 353-7968<br>Daniel.Bertoni@usdoj.gov |
| SUZANNA HARTZELL-BALLARD<br>Senior Attorney<br>Office of the Assistant Chief Counsel<br>U.S. Customs and Border Protection | |
| October 30, 2023 | Attorneys for Plaintiff |